**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| BENJAMIN LUKE O.,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case Nos.: 1:25-cv-00719-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Benjamin Luke O. initiated this action on December 22, 2025 by filing a Petition for Writ of Mandamus under 28 U.S.C. § 1361. Pet. for Writ of Mandamus (Dkt. 2). Although Plaintiff's filings reference a lengthy history of administrative proceedings, the relief sought in this action is considerably narrower. Plaintiff alleges that the Social Security Administration ("SSA") improperly terminated his disability benefits following a 2021 administrative decision finding that he had medically improved and was no longer disabled. *Id*. at 1.[1] He in turn asks the Court "to compel reinstatement of statutorily required benefits" and to require the SSA to follow its procedures governing continuing disability reviews. *Id*. At bottom, then, this action seeks reinstatement of the disability benefits terminated as a result of the 2021 decision.

Events occurring after this action was filed have overtaken that request. On May 27, 2026, following further administrative proceedings, an Administrative Law Judge

[1] The Court notes that Plaintiff's Petition does not include a page "3 of 4."

issued a "fully favorable" decision, finding that Plaintiff had *not* medically improved and that he "continues to be disabled under section 223(f) of the Social Security Act." *See* 5/27/26 Decision at 8, attached to Def.'s 5/29/26 Updated Status Rpt. (Dkt. 9-1). As Defendant explains, that decision effectively reversed the 2021 determination and established that Plaintiff was continuously disabled. *See* Def.'s 8/24/26 Status Rpt. at 2 (Dkt. 13) ("Accordingly, all issues in the cases challenging the now-reversed June 2021 ALJ decision are moot because the agency has reversed that ALJ decision."). For his part, Plaintiff acknowledges that the May 27, 2026 decision is now final and that he has received most of the past-due benefits resulting from it. *See* Pl.'s 8/14/26 Status Rpt. at 2-3 (Dkt. 11).

That resolves the controversy presented here. Article III requires an actual, ongoing case or controversy throughout the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013). When intervening events eliminate the plaintiff's personal stake in the requested relief, the action becomes moot. *Id*. ("We have repeatedly held that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.") (internal quotation marks and citations omitted). Plaintiff sought to compel the SSA to restore disability benefits terminated following the 2021 decision. The agency has now reversed that determination, found Plaintiff continuously disabled, resumed his benefits, and paid most of the resulting past-due benefits. There is therefore no further effective relief the Court can provide on Plaintiff's mandamus claim.

Whatever Plaintiff's remaining objections might be, they do not preserve this action. He contends that approximately $15,000.00 remains unpaid because of errors in

calculating his benefits, but he also acknowledges that he is pursuing those alleged errors through SSA's "agency requirements." *See* Pl.'s 8/14/26 Status Rpt. at 2-3 (Dkt. 11). As Defendant points out, any challenge to the ultimate calculation of benefits therefore remains administratively unexhausted; if Plaintiff completes that process and remains dissatisfied with SSA's final determination, judicial review may *then* be available under 42 U.S.C. § 405(g). *See* Def.'s 8/24/26 Status Rpt. at 2-3 (Dkt. 13).

Also, Plaintiff may not avoid mootness by expanding this case to challenge the earlier 2008 disability determination affirmed by the Eastern District of Wisconsin, or by arguing that the May 27, 2026 decision was not truly "fully favorable" because it did not resolve that second issue – whatever that might be exactly. *See* Pl.'s 9/8/26 Status Rpt. at 2 (Dkt. 14). Those issues extend beyond the mandamus relief sought in this action – restoration of the benefits terminated following the 2021 decision – and do not revive a controversy that subsequent administrative proceedings have resolved.

Finally, Defendant notes that Plaintiff never properly served this action under Federal Rule of Civil Procedure 4(i). *See* Def.'s 8/24/26 Status Rpt. at 3 (Dkt. 13). Plaintiff responds that, because he proceeds *in forma pauperis*, responsibility for accomplishing service rested with the United States Marshal under Rule 4(c)(3). *See* Pl.'s 9/8/26 Status Rpt. at 3 (Dkt. 14). Given the Court's conclusion that the action is moot, it need not resolve that issue.

Accordingly, because the May 27, 2026 decision provided the substantive relief underlying Plaintiff's Petition, this action no longer presents a live case or controversy. Any dispute over the calculation of Plaintiff's resulting benefits must proceed through the

administrative process, and Plaintiff's challenges to separate administrative proceedings do not provide a basis for continuing *this* action.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Petition for Writ of Mandamus (Dkt. 2) is DISMISSED WITHOUT PREJUDICE AS MOOT; and

2. A separate Judgment will be entered contemporaneously herewith.

DATED: September 28, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge